UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

YARA CHUM,
    Petitioner,

v.

ASHBEL T. WALL, et al.
    Respondent.

C.A. No. 17-541-JJM-LDA

## ORDER

Yara Chum is serving a state prison sentence after a Rhode Island Superior Court jury convicted him in 2012 of two counts of felony assault and one count of using a firearm when committing a crime of violence. He is here seeking habeas relief under 28 U.S.C. § 2254, contending that his constitutional rights were violated; specifically, that he received ineffective assistance of counsel in violation of Sixth Amendment. For the reasons below, the Court DENIES habeas relief.

I.     FACTS AND PROCEDURAL BACKGROUND

Three men watched from the front porch of a house in Providence while two cars slowly drove by.[1] Emerging from one of the cars, Mr. Chum along with some associates approached the house looking for retribution because a resident of that address had thrown a brick and a tire iron through one of the associate's windows after an attempted drug transaction. Mr. Chum told the associate to shoot the men

---

[1] The Court recites only the bare bone facts here. A more detailed discussion of the facts can be found at *State v. Chum*, 54 A.3d 455, 457-60 (R.I. 2012).

on the porch. The associate fired one shot, which hit the porch railing, and he and Mr. Chum fled.

Providence Police detectives arrested Mr. Chum, and read him his *Miranda* rights. Mr. Chum agreed to talk to the police and admitted his role in the shooting.[2] The State charged him with two counts of felony assault with a dangerous weapon, one count of conspiracy to commit assault with a dangerous weapon, one count of carrying a firearm while committing a crime of violence, and one count of discharging a firearm while committing a crime of violence.

Mr. Chum's case went to trial. Before opening statements, the court instructed the jury, "statements of lawyers are not evidence. The only evidence you consider is that which comes in from the witness stand or any exhibits that may be marked as full exhibits." ECF No. 8-3 at 196. During his opening statement, the prosecutor told the jury that he would prove the State's case

> with the defendant's words himself, because, when the detectives came to the Cranston Police Department, they read him his rights and sat down and talked to him. And the defendant told him that he was contacted by [an associate] and told that she needed him to take care of something; that she wanted them to take care of some kid * * * for smashing her windows; that he drove down to [ ] Avenue with [two associates] so that they could point out the house; that he approached the house with a friend, * * * ; that he approached some guys on the porch; that he ordered [an associate] to shoot the guys; that [three other associates] were in a different car waiting around the corner; and that he and [the other associate] fled in separate cars, one red, and one white.

---

[2] Mr. Chum filed a pretrial motion to suppress his statement to police. After an evidentiary hearing, the state court denied the motion, finding that Mr. Chum understood his rights and had given the statement voluntarily. The Rhode Island Supreme Court upheld that decision in affirming Mr. Chum's conviction. *See State v. Chum*, 54 A.3d at 460-62.

2

You'll hear that. You'll hear about the defendant giving that statement to the Providence Police.

*Id.* at 204-205; *see also Chum v. State*, No. PM131919, 2014 WL 6855341, at *2 (R.I. Super. Dec. 1, 2014).

The case proceeded through trial and the prosecutor rested without producing any evidence of the confession he promised in his opening statement. The trial court instructed the jury three additional times during the trial that the lawyer's statements and arguments are not evidence. The court entered judgment of acquittal on the conspiracy count and the State dismissed the charge of carrying a firearm while committing a crime of violence. The jury convicted Mr. Chum on the three remaining counts.

After the Rhode Island Supreme Court affirmed Mr. Chum's conviction, he filed for post-conviction relief in the Rhode Island Superior Court for ineffective assistance of counsel because his lawyer did not move for a mistrial at the close of the State's case when the State failed to produce evidence of his confession. The trial court rejected his arguments in *Chum v. State*, No. PM131919, 2014 WL 6855341, which the Rhode Island Supreme Court affirmed. *Chum v. State*, 160 A.3d 295, 299-300 (R.I. 2017). Mr. Chum then filed the instant Petition for a Writ of Habeas Corpus setting forth a single claim of ineffective assistance of counsel under 28 U.S.C. § 2254. ECF No. 1. The State moved to dismiss the Petition, which the Court denied. *See* Text Order, Apr. 2, 2018. The parties later submitted the trial transcript and further briefing, making the Petition ready for this Court's consideration.

## II. STANDARD OF REVIEW

This Court knows that its review of Mr. Chum's case is limited. Both United States Supreme Court precedent, *see e.g.*, *Cavazos v. Smith*, 565 U.S. 1 (2011), and the Congressional mandate in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, restrict federal court review of state court convictions and sentences. The AEDPA "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

Under the AEDPA, a state prisoner is entitled to relief where a state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision is an "unreasonable application" of the law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* An

4

unreasonable application of the law is one that is not merely incorrect but also objectively unreasonable. *Id.* at 410–11. Thus if "it is a close question whether the state decision is in error, then the state decision cannot be an unreasonable application." *McCambridge v. Hall*, 303 F.3d 24, 36 (1st Cir. 2002).

"Federal habeas review of a state court's factual findings is similarly constrained." *Mastracchio v. Vose*, 274 F.3d 590, 597 (1st Cir. 2001). Those factual findings control unless Petitioner can show that they were "'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* at 597–98 (quoting 28 U.S.C. § 2254(d)(2)). The Petitioner bears "the burden of rebutting the presumption or correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. MR. CHUM'S CLAIM FOR RELIEF

The Sixth Amendment to the United States Constitution entitles a defendant to effective assistance of counsel in all criminal proceedings, but "[t]he Constitution guarantees only an 'effective defense, not necessarily a perfect defense or a successful defense.'" *Peralta v. United States*, 597 F.3d 74, 79 (1st Cir. 2010) (quoting *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994)). The governing legal standard in an ineffective assistance of counsel claim is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must establish two elements:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

5

*Ouber v. Guarino*, 293 F.3d 19, 25 (1st Cir. 2002) (quoting *Strickland*, 466 U.S. at 687). The first element allows a finding of deficient performance "[o]nly if, 'in light of all the circumstances, the [alleged] acts or omissions of counsel were outside the wide range of professionally competent assistance,' can a finding of deficient performance ensue." *Id.* (quoting *Strickland*, 466 U.S. at 690). "The second *Strickland* element ensures that, even if a lawyer's performance is constitutionally unacceptable, relief will be withheld unless the quondam client has demonstrated that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "Reviewing courts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and represents sound trial strategy." *Jewett v. Brady*, 634 F.3d 67, 75 (1st Cir. 2011) (quoting *Strickland*, 466 U.S. at 689).

Mr. Chum argues that his trial counsel was ineffective because he failed to move for a mistrial after the prosecutor promised the jury evidence of his confession during his opening statement, but never produced the evidence. In his view, the State's failure to live up to that promise guaranteed Mr. Chum's conviction because the state court deprived him of the opportunity to cross-examine testimony about the confession, leaving it untested and unchallenged in the jury's mind.

There is no doubt that Mr. Chum's counsel's failure to move for a mistrial, or at the very least argue to the jury about the prosecution's unfilled promise of evidence of a confession, was "outside the wide range of professionally competent assistance,"

6

and represents a constitutionally deficient performance by Mr. Chum's trial counsel. *Strickland*, 466 U.S. at 690. A confession is unique in its powerful and persuasive effect on a jury's determination of guilt. Failure by a defense attorney not to challenge in some way the fact that the prosecution did not present evidence of the referenced confession is, without a doubt, seriously deficient representation.

The State focuses its objection to the Petition on the prejudice prong of the *Strickland* test, arguing that there is not a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The State argues that Mr. Chum's counsel's omission at trial did not prejudice Mr. Chum because the jury would have still convicted him because of the overwhelming strength of the admitted evidence against him.

In reviewing this habeas Petition, the Court is not independently deciding whether Mr. Chum has met the second element of the *Strickland* test, but whether the state court's determination that there was no prejudice "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Tran v. Roden*, 847 F.3d 44, 49 (1st Cir. 2017) (internal quotations and brackets omitted). Federal habeas relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of [the state court's] decision." *Harrington*, 562 U.S. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Turning to the Rhode Island Supreme Court's opinion, it considered Mr. Chum's argument and concluded that the unfulfilled promise of the confession

7

evidence did not amount to incurable prejudice under the *Strickland* standard. Though the court was critical when it determined that Mr. Chum's trial counsel failed in his representation, it ultimately found that his lawyer's failure was not prejudicial because of the overwhelming evidence against him, specifically that the jury heard "three eyewitness identifications of Chum from the three men [ . . .] who were at the household when the shooting occurred." *Chum v. State*, 160 A.3d at 300. The state court reasoned that the jurors had the information about the eyewitnesses' criminal backgrounds and were in the best position to assess the witnesses' credibility and the truthfulness of their identifications. Given the eyewitness testimony, the state court found, it was likely that the jury would have convicted Mr. Chum regardless of the missing confession evidence.

The state court also based its finding on the fact that "the trial justice instructed the jury on numerous occasions that the arguments of counsel were not evidence," instructions that were "proper" and that the jury was "presume[d to have] . . . follow[ed]." *Id.*; *see Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (finding that there is an "almost invariable assumption" in the law that juries follow instructions). The Rhode Island Supreme Court considered the trial court's four cautionary instructions to the jurors and found that they communicated that directive to them.[3]

---

[3] "[T]he four cautionary instructions that the trial justice gave to the jury were: (1) "I tell you now, and I probably will remind you before this case is over, the statements of lawyers are not evidence"; (2) "I told you before we started, ladies and gentlemen, that the statements of lawyers are not evidence"; (3) "I told the jury earlier, when we started this trial, that statements are [sic] lawyers are not evidence"; and (4) "Counsel will now address you, and I, again, remind you of what I said before, and that is that their statements and their arguments are not evidence. If the lawyer

8

After a thorough review of the trial transcript, state court opinions, briefing, and excellent oral advocacy by attorney for both parties, this Court finds that the Rhode Island Supreme Court's decision that the weight of the evidence and the cautionary instructions made Mr. Chum's lawyer's failure to move for a mistrial not prejudicial is neither contrary to, nor an unreasonable application of established federal law to the facts as that court found them. *See Mastracchio*, 274 F.3d at 597-98 (quoting 28 U.S.C. § 2254(d)(2)) (where issues of fact that the state court decided control unless they were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.") The state court's decision that the result of Mr. Chum's trial would not have been different was reasonable. *See Harrington*, 562 U.S. at 109 ("In light of the record here there [is] no basis to rule that the state court's determination was unreasonable."). It was neither "contrary to," nor an "unreasonable application of," clearly established federal law as determined by the United States Supreme Court in *Strickland*. 28 U.S.C. § 2254(d)(1). Moreover, even if this Court thought that Mr. Chum met the second element of *Strickland*, and that the state court was wrong in its conclusion, the record is such that fair-minded jurists could disagree (*see Tran*, 847 F.3d at 49) and thus Mr. Chum is not entitled to federal habeas relief.

The Court DENIES and dismisses Mr. Chum's Petition for a Writ of Habeas Corpus.

---

says something that doesn't correlate with your memory, it's your memories that count, not the memories of counsel." *Chum v. State*, 160 A.3d at 298 n.5.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge
October 1, 2018